**ALD-167**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1410
_____

ANTHONY J. BRODZKI,

                                                            Appellant

v.

FOX BROADCASTING
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-11-cv-01147)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 26, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: May 9, 2012)
_____

OPINION
_____

PER CURIAM.

Anthony Brodzki, proceeding pro se, appeals from the District Court's order

dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and denying his

motion for reconsideration.  For the reasons that follow, we will dismiss Brodzki's appeal

pursuant to § 1915(e)(2), as well.

1

In November 2011, Brodzki filed a complaint in the District Court against Fox Broadcasting Company, alleging that employees of the Fox Network's Dallas, Texas morning television show violated his civil rights and defamed him. Specifically, Brodzki alleged that the station's on-air personalities "are invading my privacy and my seclusion," that they accused him on air of being "an unconvinced [sic] felon," and that they "have even said that they have the ability to hear my thinking." Brodzki also claimed that one Fox employee played a tape on air one morning and said the recorded person was Brodzki. Brodzki sought $50 million in damages, injunctive relief, and information about "how they are coming about this private information."

Brodzki applied for, and was awarded, in forma pauperis status, after which the District Court screened his complaint for legal sufficiency pursuant to 28 U.S.C. § 1915(e)(2). The District Court noted that Brodzki has a history of filing legally frivolous lawsuits, which has resulted in his being banned from filing civil suits in the Northern District of Illinois without prior court authorization and in the imposition of sanctions in at least one case in the Northern District of Texas. The District Court reasoned that the instant complaint -- one of at least seven similar complaints he has filed in the District of Delaware since 2010 -- did not adequately state a cause of action and that his allegations were "fantastical, delusional, irrational, and frivolous." D. Ct. Doc. No. 5, 4. Accordingly, the District Court dismissed the complaint under § 1915(e)(2). Brodzki filed an objection, which the District Court construed as a motion for reconsideration and then denied. Brodzki timely filed a notice of appeal.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the complaint under § 1915. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because Brodzki was proceeding in forma pauperis, the District Court was required to dismiss his complaint if failed to state a claim on which relief may be granted. § 1915(e)(2)(B)(ii). The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To withstand scrutiny under § 1915(e)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Further, § 1915(e)(2) "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Examples . . . are claims describing fantastic or delusional scenarios . . . ." Id. at 328.

We agree with the District Court that Brodzki's bare allegations, without more, were insufficient to state a claim under Iqbal. Further, in light of the nature of Brodzki's factual allegations, we perceive no error in the District Court's conclusion that granting

3

Brodzki leave to amend his complaint would have been futile.[1]  Accordingly, it was appropriate for the District Court to dismiss his complaint.

Nor was there any error in denying Brodzki's "objections" inasmuch as the objections amounted to a motion to reconsider.  We review the denial of a motion to reconsider for abuse of discretion.  See Caver v. City of Trenton, 420 F.3d 243, 258 (3d Cir. 2005).  To prevail on a motion for reconsideration, a litigant must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Brodzki's submission to the District Court did not satisfy any of these requirements, and the District Court appropriately denied the motion.

Because Brodzki is proceeding in forma pauperis on appeal, we must dismiss the appeal if it is legally frivolous.  See 28 U.S.C. § 1915(e)(2).  For the foregoing reasons, we will dismiss the appeal.

---

[1]  Before dismissing a complaint for failure to state a claim under § 1915(e)(2), a plaintiff must be afforded the opportunity to amend the complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).